IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:17-cr-0031 |
| v. | PLEA AGREEMENT |
| MICHAEL ARTHUR GIRON, a/k/a MICHAEL GERON, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Christopher C. Myers, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant United States Attorney; defendant, MICHAEL ARTHUR GIRON; and defendant's attorney, Peter Schoenburg, agree to the following:

1. Defendant acknowledges the Superseding Indictment charges violations of 18 U.S.C. §§ 231(a)(3) and 2 (civil disorder); and 18 U.S.C. §§ 844(h), and 2 (use of fire to commit a federal felony offense). Defendant's attorney has fully explained the charges to Defendant and he fully understands the nature and elements of the charged crimes.

2. Defendant and the attorney for the defendant acknowledge that the defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

1

3.      Defendant will voluntarily plead guilty to Count One of the Superseding Indictment, Civil Disorder.

4.      The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

5.      Defendant will plead guilty because defendant is in fact guilty of the charge(s). In pleading guilty, defendant acknowledges that:

(a) In mid-2016, Dakota Access, LLC, a division of Energy Transfer Partners, of Houston, Texas, began construction of a pipeline to transport oil between North Dakota and Illinois, known as the Dakota Access Pipeline ("DAPL"). During the summer of 2016, anti-pipeline activists began anti-pipeline demonstrations at the construction site in Morton County, North Dakota.

(b) On October 27, 2016, at approximately 12:00 p.m., law enforcement officials began an effort to remove individuals at a location where protesters had erected an illegal roadblock on Highway 1806 and who were criminally trespassing on private property east of highway 1806. Law enforcement deployed various vehicles and officers on foot in a skirmish line from fence line to fence line across Highway 1806. Law enforcement gave advisements over a loud speaker system asking people to voluntarily leave the roadway and to travel back to the protest camps. Some individuals at this location ignored the orders of law enforcement and placed barricades on the roadway and set them on fire.

(c) As law enforcement advanced south on Highway 1806, some protesters began throwing projectiles at law enforcement, including bottles and other debris.

2

Further down Highway 1806, law enforcement continued to be met with resistance by protesters.

(d) This conduct by the protesters constituted civil disorder as defined in 18 USC § 231(a)(3), in that it was a public disturbance involving acts of violence by assemblages of three or more persons, which caused an immediate danger of or resulted in damage or injury to the property or person of any other individual; that the conduct obstructed, impeded, or interfered with law enforcement officers lawfully engaged in the lawful performance of official duties; and that the conduct obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce.

(e) The defendant knowingly and intentionally aided the civil disorder on October 27, 2016, by adding materials to the barricade across Highway 1806 for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner, with law enforcement officers.

(f) Defendant acknowledges that his conduct satisfies all the elements of 18 U.S.C. §§ 231(a)(3) and 2, as alleged in the Superseding Indictment and that this court has jurisdiction over this matter.

6.  Defendant understands the offense carries the following maximum penalties:

|  | Count 1 |
| --- | --- |
| Imprisonment | 5 years |
| Fine | $250,000 |
| Supervised Release | 3 years |
| Special Assessment | $100 |

7.  Defendant understands that by pleading guilty defendant surrenders rights, including:

    (a) The right to a speedy public jury trial and related rights as follow:

3

(i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

    (b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

  8. Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

  9. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, <u>Guidelines Manual,</u> (Nov. 2016) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.

  10. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

11.     Defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

12.     The parties agree that they expect the sentencing guideline calculations to be as follows: 18 USC § 231 is not directly reflected in the USSG, which results in applying the most analogous section per USSG § 2X5.1. The most analogous is the arson section found at USSG § 2K1.4. The **base offense level is 24** because the fire on the highway resulted in the destruction or attempted destruction of a "place of public use" (defined as those parts of any … land, street, … or other location that are accessible or open to members of the public), or a "public transportation system" (defined as all facilities, conveyances, and instrumentalities, whether publicly or privately owned, that are used in or for publicly available services for the transportation of persons or cargo). See USSG § 2K1.4, Application Note 1 and 18 U.S.C. § 2332f(e)(6) and (7).

13.     At sentencing, the United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)) . The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the U.S. of Defendant's intention to enter a guilty plea, thus permitting the court and the U.S. to allocate their resources efficiently. (USSG § 3E1.1(b)). The United States reserves the right to withdraw these recommendations if Defendant fails to cooperate fully, completely, and truthfully in the presentence investigation process.

14.     If there are other upward or downward adjustments in the presentence investigation reports' Sentencing Guideline calculations that are not listed within this Plea Agreement, the parties will be permitted to advocate for or against application of those adjustments at their discretion. Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the sentencing court's determination of the sentencing guideline range at the sentencing hearing does not entitle Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

15.     Neither the Court nor the Probation Office is a party to the Plea Agreement and neither is bound by the Plea Agreement as to determining the Sentencing Guideline range.  The Court is free to impose the maximum penalties provided by law and may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure.  Both parties reserve the right to object to any departure, other than those agreed to herein.

16.     At sentencing, the United States and the Defendant:

(a)     will recommend a downward departure or variance based upon 18 U.S.C. § 3553(a) factors and recommend a sentence of imprisonment of 36 months (if as expected, the sentencing guideline range is higher than 36 months); followed by supervised release for a period of three years;

(b)     will recommend a $100 special assessment; and

(c)     the United States will move to dismiss Count Two of the Superseding Indictment.

7

17.   Defendant acknowledges and understands that if Defendant:

(a) violates any term of this Plea Agreement; (b) engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results; (c) violates any term of pretrial release regardless of whether a petition is filed; (d) has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pretrial services officer, including any statements made in any proffer interview in connection with this case; (e) engages in any form of obstruction of justice; or (f) fails to appear for the change of plea hearing, sentencing hearing or any other hearing in this matter, the United States may at its discretion move the Court to declare the Plea Agreement null and void, and if granted, the defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case.  Nothing in this agreement

8

prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

18.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

19.     **Appeal Waiver.** Defendant waives the right to appeal the conviction and the court's entry of judgment, including an appeal of any motions, defenses, probable cause determinations, and objections asserted in this case. Defendant also waives any right to appeal the sentence under Title 18, United States Code, Section 3742(a). All decisions as to the appropriate criminal history category by the sentencing court are final and not subject to appeal. Expressly excluded from this waiver of appeal is Defendant's right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing. Defendant agrees to waive any right to contest the conviction and sentence in any post-conviction proceeding pursuant to 28 USC § 2255, with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 USC § 2255(f)(3) premised on a right newly recognized by the United States Supreme Court.

20.     The Assistant U.S. Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure and acknowledge

9

their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report through a presentence conference or other informal procedures.

21. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

CHRISTOPHER C. MYERS
United States Attorney

Dated: 2/1/18          By: _____
                           DAVID D. HAGLER
                           Assistant United States Attorney

Dated: 1.24.18         _____
                       MICHAEL ARTHUR GIRON,
                       Defendant

Dated: 1.31.18         _____
                       PETER SCHOENBURG    TIM COITRACE
                       Attorney for Defendant

10