IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL ARTHUR GIRON, a/k/a<br>MICHAEL GERON,<br><br>            Defendant. | Case No. 1:17-cr-031<br><br>**UNITED STATES' SENTENCING<br>MEMORANDUM** |

The United States of America, by Christopher C. Myers, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant United States Attorney, hereby files the following sentencing memorandum in support of the sentencing recommendation to be made in this matter. Defendant pled guilty to Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) and 2.

## FACTS

On October 27, 2016, at approximately 12:00 p.m., law enforcement officials began an effort to remove individuals at a location where protesters had erected an illegal roadblock on Highway 1806 and who were criminally trespassing on private property east of highway 1806. Law enforcement deployed various vehicles and officers on foot in a skirmish line from fence line to fence line across Highway 1806. Law enforcement gave advisements over a loud speaker system asking people to voluntarily leave the roadway and to travel back to the protest camps. Some individuals at this location ignored the orders of law enforcement and placed barricades on the roadway and set them on fire. (DCD 95 – Plea Agreement ¶ 5; PSR ¶¶ 5-6). Many individuals present were violating multiple North Dakota statutes and

over 100 protesters were arrested throughout the day for various offenses. Throughout the day, several fires were set by unidentified protesters in an effort to thwart law enforcement efforts. Individuals created barricades consisting of various items such as straw bales, wooden items, tires and vehicles. (PSR¶¶ 6-8). The defendant knowingly and intentionally aided the civil disorder by adding materials to the barricade across Highway 1806 for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner, with law enforcement officers. (DCD 95 – Plea Agreement ¶ 5). One of the fires on Highway 1806 was fueled by the defendant. (PSR ¶ 9).

## SENTENCING GUIDELINE RANGE

The United States Sentencing Guidelines Manual does not assign a specific guideline section for a violation of Civil Disorder – 18 U.S.C. § 231(a)(3). Thus the most analogous section should be applied. USSG § 2X5.1. As the use of fire was involved in this case, the parties have stipulated that USSG § 2K1.4 (arson) applies. The PSR accurately recommends a base offense level of 24. (PSR ¶ 16). After a 3-level reduction for acceptance, the final offense level is 21. (PSR ¶ 25).

The PSR calculates a criminal history category VI, resulting in a sentencing guideline range of 77-96 months. (PSR ¶ 86). Due to the 60-month statutory maximum for the offense, the guideline range is 60 months. (PSR ¶¶ 85-86).

## SENTENCING RECOMMENDATION

The parties have agreed to recommend a variance and/or departure from the advisory guideline range. In consideration of all the factors and analysis set forth herein, the United

States intends to recommend a sentence of 36 months of imprisonment, to be followed by supervised release for a period of three years, and a $100 special assessment.

Dated: May 24, 2018.

CHRISTOPHER C. MYERS
United States Attorney

By: /s/ David D. Hagler
DAVID D. HAGLER
Assistant United States Attorney
P. O. Box 699
Bismarck, ND  58502-0699
David.Hagler@usdoj.gov
N.D. Bar Board ID No. 04696
Attorney for the United States